UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| JONATHON BROWN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:21-cv-00009 |
| MACON COUNTY SHERIFF'S DEPARTMENT, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

Plaintiff Jonathon Brown, an inmate of the Robertson County Detention Facility in Springfield, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against the Macon County Sheriff's Department, alleging violations of Plaintiff's civil rights. (Doc. No. 1). He also filed a "Motion for Investigation against Macon County Sheriff's Department." (Doc. No. 4).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I.    PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and

1

summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). Id. § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

The court must construe a pro se complaint liberally, United States v. Smotherman, 838 F.3d 736, 739 (6th Cir. 2016) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. See Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us

to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Panama Heights, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III. Alleged Facts

Plaintiff alleges that, in early 2020 for a period of over thirty-eight days, he and approximately ten to twelve other inmates were housed in the multi-purpose or "MPR Room" of the Macon County Jail. (Doc. No. 1 at 4; Doc. No. 4 at 4). According to Plaintiff, this room was not equipped to house inmates as it had no running water, showers, or toilets. Inmates were forced to urinate in shared milk jugs and defecate in trash bags. (Doc. No. 1 at 4). Inmates could not wash their hands. (Doc. No. 4 at 3). There was no "call button" to notify staff of emergencies. (Doc. No. 1 at 5). Inmates were forced to "beg for water and showers" as well as cleaning supplies just as COVID-19 was beginning to surge. (Doc. No. 1 at 4; Doc. No. 4 at 4). Typically, the MPR room was used for inmate church services. (Doc. No. 4 at 3).

The complaint alleges that, as a result of this experience, Plaintiff now suffers from post-traumatic stress syndrome and issues with his bladder and bowels. (Doc. No. 1 at 5). He also fears

3

that he may have contracted a sexually-transmitted disease or other medical condition as a result of multiple inmates sharing the same milk jug to urinate. (Id.)

**IV. Analysis**

The Eighth Amendment to the United States Constitution requires that inmates be provided with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care. See Farmer v. Brennan, 511 U.S. 825, 832 (1994); Hudson v. Palmer, 468 U.S. 517, 526-27 (1984); Grubbs v. Bradley, 552 F. Supp. 1052, 1119-24 (M.D. Tenn. 1982). That is because "[t]he Eighth Amendment to the United States Constitution imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be 'barbarous,' nor may it contravene society's 'evolving standards of decency.'" McKissic v Barr, No. 1:20-cv-526, 2020 WL 3496432, at *3 (W.D. Mich. June 29, 2020) (quoting Rhodes v. Chapman, 452 U.S. 337, 345-46 (1981)); see also Bellamy v. Bradley, 729 F.2d 416, 419 (6th Cir. 1984). Under the Eighth Amendment, prison officials cannot engage in conduct that causes the "unnecessary and wanton infliction of pain." Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting Rhodes, 452 U.S. at 346).

To prevail on an Eighth Amendment claim, a prisoner must show that he or she faced a sufficiently serious risk to health or safety and that the defendant official acted with "'deliberate indifference' to [the prisoner's] health or safety." Mingus v. Butler, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing Farmer, 511 U.S. at 834 (applying deliberate indifference standard to medical claims)); see also Helling v. McKinney, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). Deliberate indifference requires the inmate to "show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and then disregarded that risk." Comstock v.

4

McCrary, 273 F.3d 693, 703 (6th Cir. 2001) (citing Farmer, 511 U.S. at 837). The official must have a subjective "state of mind more blameworthy than negligence," akin to criminal recklessness. Farmer, 511 U.S. at 835, 839-40.

Here, the complaint names only one Defendant to this action: the Macon County Sheriff's Department. However, a police or sheriff's department is not an entity capable of being sued under 42 U.S.C § 1983. See, e.g., Durham v. Estate of Gus Losleben, No. 16-1042-STA-egb, 2017 WL 1437209, at *2 (W.D. Tenn. Apr. 21, 2017); McKinney v. McNairy Cnty., Tenn., 1:12-CV-01101, 2012 WL 4863052, at *3 (W.D. Tenn. Oct. 11, 2012); Newby v. Sharp, 3:11-CV-534, 2012 WL 1230764, at *3 (E.D. Tenn. Apr. 12, 2012); Mathes v. Metro. Gov't of Nashville and Davidson Cnty., No. 3:10-CV-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010). Thus, the complaint fails to state claims upon which relief can be granted under Section 1983 against the Macon County Sheriff's Department, and all claims against Defendant will be dismissed.

In his Motion, Plaintiff states that "[a]ll of Macon County Staff" members were responsible for Plaintiff's conditions of confinement. (Doc. No. 4 at 2). However, Plaintiff did not name any individual staff member as a defendant to this action. Had Plaintiff named a proper defendant to this complaint, his allegations could be viewed as rising to the level of constitutional violations actionable under Section 1983. Therefore, taking into consideration Plaintiff's pro se status and the allegations of the complaint, Plaintiff will be permitted to amend his complaint, if he so desires, to name an additional defendant or defendants with regard to his Eighth Amendment allegations.

**V.      Motion for Investigation against Macon County Sheriff's Department**

Plaintiff also filed a "Motion for Investigation against Macon County Sheriff's Department." (Doc. No. 4). He states that he is "seeking criminal charges" against the department.

5

(Id. at 1). He asks the Court to order Macon County "to produce the video evidence of activities that occurred in the (MPR) room, multi purpose room from 1-16-2020 through 3-1-2020." (Id. at 2).

To the extent that Plaintiff asks the Court to initiate criminal charges against any individual or entity on his behalf, the "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." Tunne v. U.S. Postal Service, No. 5:08CV-189-R, 2010 WL 290512, at *1 (W.D. Ky. Jan. 21, 2010) (quoting Sahagian v. Dickey, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986)). Private citizens have "no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts." Williams v. Luttrell, 99 F. App'x 705, 707 (6th Cir. 2004). "While a citizen may make a complaint regarding suspected criminal conduct to the proper authorities, the choice to bring criminal charges pursuant to Tennessee law is left to the discretion of the appropriate District Attorney General." Sanford v. Armour, No. 19-1270-JDT-cgc, 2020 WL 4369452, at *10 (July 30, 2020). This Court lacks jurisdiction to initiate any investigations of alleged criminal activity upon request of Plaintiff.

Should Plaintiff avail himself of the opportunity to amend his complaint and at least one of the new claims added by Plaintiff survives the required PLRA screening, Plaintiff may renew his request for a copy of the videotape referenced in his motion at the appropriate time.

**VI.  Conclusion**

Having conducted the screening required by the PLRA, the Court determines that the complaint fails to state claims upon which relief can be granted under Section 1983 against the sole named Defendant. Therefore, this action is subject to dismissal.

However, had Plaintiff named a proper defendant to this complaint, his allegations could be viewed as rising to the level of constitutional violations actionable under Section 1983.

6

Therefore, taking into consideration Plaintiff's pro se status and the allegations of the complaint, Plaintiff will be permitted to amend his complaint, if he so desires, to name an additional defendant or defendants with regard to his Eighth Amendment allegations. He must do so within 30 days of entry of this Memorandum Opinion and accompanying Order; otherwise, this case will be dismissed.

Plaintiff's "Motion for Investigation against Macon County Sheriff's Department" (Doc. No. 4) is **DENIED**. However, should Plaintiff avail himself of the opportunity to amend his complaint <u>and</u> at least one of the new claims added by Plaintiff survives the required PLRA screening, Plaintiff may renew his request for a copy of the videotape referenced in his motion at the appropriate time.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE