UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| **JONATHON BROWN,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) No. 2:21-cv-00009 |
| **MACON COUNTY SHERIFF'S DEPARTMENT,** | ) ) ) ) |
| **Defendant.** | ) ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is an Amended Complaint (Doc. No. 12) filed by Plaintiff Jonathon Brown's counsel.

Brown initially filed this lawsuit pro se while incarcerated. (Doc. No. 1). By Order and Memorandum Opinion entered on March 17, 2021, the Court granted Plaintiff's pro se application to proceed in forma pauperis, conducted the screening required by the Prison Litigation Reform Act, and determined that the pro se complaint failed to state claims upon which relief can be granted under 42 U.S.C. § 1983 against the sole named Defendant. (Doc. Nos. 5 and 6). However, the Court further determined that, had Plaintiff named a proper defendant to this complaint, his allegations could be viewed as rising to the level of constitutional violations actionable under Section 1983. (Id.) Considering Plaintiff's pro se status, the Court permitted him to amend his complaint, if he so desired, to name an additional defendant or defendants with regard to his Eighth Amendment allegations. (Id.)

On March 23, 2021, Plaintiff notified the Court that he was no longer incarcerated. (Doc. No. 7). On April 5, 2021, attorney Phillip S. Georges filed a Notice of Appearance on behalf of Plaintiff. (Doc. No. 8). On the same day, counsel also filed a Motion for Leave to Amend the

1

Complaint in compliance with the Court's prior Order. (Doc. No. 9). Counsel now has filed that Amended Complaint. (Doc. No. 12).

In the Amended Complaint, counsel adds eight co-Plaintiffs to this action: Levi Mullins, Kevin Harrison, Lucas Tracy, Timothy Mann, Roy Gardner, William Rowe, Shawn Feinstein, and John Doe. According to the Amended Complaint, these individuals are no longer incarcerated and "collectively report the same treatment, the same conditions of the housing of inmates while waiting for proper adjudication of their criminal charges, the handling of reporting said treatment and conditions to jail administration, the handling of ADA related requests, and the overall constitutional violations that subjected each Plaintiff to an unreasonable degree of inhumane treatment that was inflicted upon each of them while in the custody of the Macon County Jail." (Id. at 1-2, 3-5). Further, the Amended Complaint states that, with respect to each Plaintiff, "[p]rocess can be served . . . by and through his attorney of record." (See, e.g., id. at 4). However, only Plaintiff Brown has an attorney of record. Therefore, the Court must address some additional preliminary matters.

First, it appears that "John Doe" was inadvertently listed as a Plaintiff in the caption of the Amended Complaint. There is no John Doe Plaintiff mentioned in the Amended Complaint. The Court proceeds with the understanding that there are only eight Plaintiffs in this action.

Second, at this time, neither Mr. Georges nor any other attorney has filed a Notice of Appearance in this case on behalf of Plaintiffs Mullins, Harrison, Tracy, Mann, Gardner, Rowe, or Feinstein. On April 5, 2021, using the Court's CM/ECF system, Mr. Georges filed a document entitled Notice of Appearance[1] and titled the docket entry for that document as "Notice of Appearance on behalf of All Plaintiffs." (Doc. No. 8). However, at that time, there was only one

---

[1] In the document, counsel states that Plaintiff Jonathon Scott Brown has retained counsel for representation; no other Plaintiff is mentioned. (Doc. No. 8 at 1).

Plaintiff in this action. Therefore, all Plaintiffs except Brown currently are proceeding as pro se Plaintiffs. If Mr. Georges intends to represent all Plaintiffs, he must file a Notice of Appearance with respect to Mullins, Harrison, Tracy, Mann, Gardner, Rowe, and Feinstein.

Third, the Court granted Plaintiff's Brown application to proceed in forma pauper when he was a prisoner. However, he is no longer incarcerated. (See Doc. No. 7). And he now seeks to pursue this action with seven other nonprisoner Plaintiffs, none of whom have paid their portion of the civil filing fee in this action or submitted an application to proceed in forma pauperis. Given these developments, the Court must revisit the issue of the filing fee in this action. Consequently, the Court's Order of March 17, 2021 (Doc. No. 6) is **VACATED** insofar as the Order granted Plaintiff Brown's prisoner application to proceed in forma pauperis and assessed the filing fee against Plaintiff Brown. Further, any portion of the filing fee that has been assessed against Plaintiff Brown to date **SHALL** be refunded to him.

When there are multiple plaintiffs in a case, each plaintiff is proportionately liable for any fees or costs. See Talley-Bey v. Knebl, 168 F.3d 884, 887 (6th Cir. 1999); In re Prison Litigation Reform Act, 105 F.3d 1131, 1137 (6th Cir. 1997). Here, that means each Plaintiff is responsible for $50.25 (one-eighth of $402).

The Clerk is **DIRECTED** to send all Plaintiffs a blank application to proceed in forma pauperis for nonprisoners. Each Plaintiff is **DIRECTED** to do one of the following within 30 days of date of entry of this Order: either (1) submit to the Court his portion of the civil filing fee ($50.25); or (2) complete an application to proceed in forma pauperis and return the properly completed application to the district court. Plaintiffs cannot submit a combined application to proceed in forma pauperis.

Each Plaintiff is forewarned that if he does not comply with this Order within the specified time frame, he may not be considered a Plaintiff in this case going forward.

Any Plaintiff may request an extension of time to comply with this Order within 30 days of date of entry of this Order. <u>Floyd v. United States Postal Service</u>, 105 F.3d 274, 279 (6th Cir. 1997), <u>superseded on other grounds by</u> Rule 24, Fed. R. App. P. Any motion filed will pertain only to the Plaintiff whose names appears on the motion.

Until the matter of the filing fee is resolved, this action cannot proceed. No service shall issue at this time.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE